UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SCOTT HITE,

      Plaintiff,

Case No. 1:04-CV-860

v.

Hon. Richard Alan Enslen

NORFOLK SOUTHERN
RAILWAY COMPANY,

**OPINION**

      Defendant.
_____/

Defendant Norfolk Southern Railway Company has moved for summary judgment against Plaintiff Scott Hite.  Plaintiff has opposed the Motion for Summary Judgment.  Upon review of the complete briefing of the Motion, the Court finds that oral argument is unnecessary.  *See* W.D. Mich. L. Civ. R. 7.2(d).

### BACKGROUND

This is a diversity suit between a Michigan Plaintiff and a Virginia Defendant.  Plaintiff's Second Amended Complaint asserts a Michigan legal claim under the Public Officers and Employees Whistleblowers' Protection Act (the "Act" or "WPA"), Mich. Comp. Laws §§ 15.361 *et seq*.  Plaintiff alleges that his suspension, discipline and discharge from his employment was caused by his reporting of unsafe working conditions to the Michigan Occupational Safety and Health Administration ("MIOSHA").  (Second Am. Compl., at ¶¶ 13-18.)

Defendant's Motion relates to the limitation provision of the Act, Mich. Comp. Laws § 15.363(1), which requires the filing of suit within 90 days of the Act's violation–in this case, Plaintiff's discharge.  Plaintiff was hired on June 23, 1997.  (Lockery Decl., ¶ 2.)  Plaintiff was

discharged on May 18, 2004, according to his Complaint. (*Id.,* ¶ 13.) According to Defendant, Plaintiff was discharged on said date after company officials determined that he had made an unauthorized videotape of company property and showed the videotape to persons outside the company in violation of safety rules.[1] (Lockery Decl., Ex. C.) This suit was then filed on November 15, 2004 in the Kalamazoo County Circuit Court and was then removed to this Court by Notice of Removal filed on December 22, 2004, according to the Court's records. (Dkt. No. 1.) Essentially, the dispute between the parties as to whether Plaintiff has met the 90-day limitation period is explained by the fact that Plaintiff administratively challenged his discharge as part of his collective bargaining agreement such that he does not view the discharge as final until such time as the administrative review is complete.[2]

**SUMMARY JUDGMENT STANDARDS**

Defendant's Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The

---

[1] Defendant also determined on January 27, 2005 that in the event that the company were to reinstate Plaintiff as part of the findings of a neutral arbitrator, then he should also be dismissed for misconduct on December 13, 2004. (Lockery Decl., Ex. H.) Plaintiff complains about this "conditional dismissal"—though any such complaints do not appear to be ripe for adjudication. *See Bigelow v. Michigan Dept. Of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992). The allegations relating to the "conditional dismissal" will be dismissed without prejudice to permit re-filing as of such time as it might become a live controversy.

[2] Plaintiff has also submitted evidence relating to his listing as an active employee even after receipt of his discharge notice and relating to his understanding of the employment/appeal process, though such evidence does not put into question the content of the discharge notice of his May 18, 2004 discharge. (*See* Pl.'s Resp., at 3-4.)

initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**LEGAL ANALYSIS**

Plaintiff and Defendant's arguments in this suit rehearse some now familiar tactics from both federal and state precedents discussing the running of limitation periods involving employment disputes. As is typical, Defendant takes the position that the limitation period begins to run from the notice of termination--citing the United States Supreme Court's decision in *Delaware State College v. Ricks*, 449 U.S. 250, 261-62 (1980). *See also Chardon v. Fernandez,* 454 U.S. 6, 8 (1981). In *Ricks,* the Supreme Court held that a Title VII action accrues when an employee is given notice of termination and not upon a later date when the termination is approved as part of a grievance

process. *Id.* Plaintiff's counter-argument is premised on three related arguments: (1) the fact that Plaintiff's status with the Defendant was not finalized at the time of the May 18, 2004 discharge notice; (2) the characterization of the finalization of discipline and discharge as a "continuing violation" under Michigan law; and (3) an estoppel argument.

Since this Motion pertains to matters of state law, the Court must apply state law as determined by the state's highest court. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). If a state's highest court has not spoken to an issue, the Court must determine state law based on "all relevant data," including decisions of intermediate state courts, decisions of federal courts interpreting state law, case precedents from other states, and scholarly commentary. *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995) (citing cases). In this process, intermediate state court decisions are especially important unless the other data suggest that the state's highest court would not follow such decisions. *Id.*

Deciphering the pertinent case law is no small task given the ebb and flow of Michigan case law through the years. Suffice it to say, the principle specified in *Ricks* has not always been followed by the Michigan courts, particularly as to those times when the rule in *Ricks* has been viewed as contrary to the state's own "continuing violation" theory of accrual. For example, in *Phinney v. Perlmutter*, 564 N.W.2d 532, 552 (Mich. Ct. App. 1997), the Michigan Court of Appeals in interpreting the WPA held that the accrual of the 90-day limitation period was subject to the "continuing violation" theory which was developed as part of the state's Michigan Elliott-Larsen Civil Rights Act ("MELCRA") case law. In particular, the *Phinney* Court relied upon the Michigan Supreme Court's prior decision interpreting the Title VII case law–*i.e., Sumner v. Goodyear Tire & Rubber Co,* 398 N.W.2d 368 (Mich. 1986).

The Michigan Supreme Court addressed a WPA constructive discharge case in *Jacobson v. Parda Fed. Credit Union*, 577 N.W.2d 881 (Mich. 1998). The majority understood its ruling as simply a timing rule for constructive discharge cases (which would not have an application to this case) and not as a ruling as to the continuing violation theory. *Id.* at 882 n.11. The dissent (Justice Taylor), however, viewed the decision as ignoring the rule in *Ricks* as well as dicta in *Sumner* that the continuing violation theory cannot be used to avoid the rule in *Ricks*. *Id.* at 888 (Justice Taylor, dissenting).

On May 11, 2005, the pendulum swung even farther to the right when the Michigan Supreme Court announced its decision that it was overruling the *Sumner* rule that a continuing violation theory could be used to preserve untimely violations of MELCRA under the state limitation statute, Mich. Comp. Laws §§ 600.5805 & 600.5827. *Garg v. Macomb County Cmt.y Mental Health Servs.*, – N.W.2d –, 2005 WL 1279197, *9 (Mich. May 11, 2005).

What the Court is left with after reading such case law is that Michigan Supreme Court has adopted a strict approach to limitations periods which is consistent with the ruling in *Ricks* and which rejects any application of the *Sumner* continuing violation theory. Given this interpretation, Plaintiff's suit is precluded here because the cause of action arose at the time of the notice of discharge and not at a later date when the notice came to fruition. For the same reason, Plaintiff's continuing violation argument and estoppel argument fail.[3] *See also International Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 236 (1976) (holding that resolution of contractual grievance does not toll Title VII limitation period); *Kessler*

---

[3] You cannot reasonably rely upon a "representation" when the case law tells you to file suit.

*v. Board of Regents*, 738 F.2d 751, 754 (6th Cir. 1984) (following *Ricks*); *Everson v. McLouth Steel Corp.*, 586 F.2d 6, 7 (6th Cir. 1978) (following *Robbins*); *Womack-Scott v. Michigan Dep't of Corr.*, 630 N.W.2d 650, 654 (Mich. Ct. App. 2001) (holding that cause of action accrues upon discharge); *Collins v. Comerica Bank*, 664 N.W.2d 713, 716 n.3 (Mich. 2003) (holding that a continuation violation theory is not viable after a termination is announced).

In light of such precedent, the Court will grant Defendant's Motion and dismiss this action as untimely.

## **CONCLUSION**

Judgment for Defendant shall enter consistent with this Opinion.

DATED in Kalamazoo, MI:
June 9, 2005

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE